UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD VALLES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1]<br><br>　　　　Defendant. | Case No. CV 12-7361 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Richard Valles ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected the opinion of his treating physician, Dr. Luis Albert. (Joint Stip. at 5-15.) The Court agrees with Plaintiff for the reasons stated below.

### A. An ALJ Must Provide Specific and Legitimate Reasons to Reject the Contradicted Opinion of a Treating Physician

"As a general rule, more weight should be given to the opinion of a treating

---

[1] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

source than to the opinion of doctors who do not treat the claimant." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *accord Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir. 2003). This is so because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987).

Where the "treating doctor's opinion is contradicted by another doctor, the [ALJ] may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record[.]" *Lester*, 81 F.3d at 830 (internal quotation marks and citation omitted). The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks and citation omitted).

B.  The ALJ Failed to Provide Specific and Legitimate Reasons for Rejecting Dr. Albert's Treating Opinion

Here, the ALJ provided two reasons for rejecting Dr. Albert's treating opinion. (*See* Administrative Record ("AR") at 33.) The Court addresses – and rejects – both below.

First, the ALJ found that Dr. Albert "failed to cite any specific diagnostic tests to support his observations" except for "a few blood pressure readings." (AR at 33.) This characterization, however, is inaccurate, as Dr. Albert also cited Plaintiff's "RBS," or random blood sugar, reading. (AR at 508); *see* 1 Dan J. Tennenhouse, ATTORNEYS' MEDICAL DESKBOOK § 5:20 (2012) (defining RBS).

That error aside, it is also not clear what other diagnostic tests should have been cited. Dr. Albert diagnosed Plaintiff with only three conditions: diabetes, hypertension, and morbid obesity. (AR at 507.) Presumably, Dr. Albert's references to Plaintiff's blood pressure and blood sugar readings support his diagnoses of the first two conditions. And as for Plaintiff's obesity, that condition can likely be

1  supported without any special tests – indeed, perhaps all that is needed is just a brief
2  look at Plaintiff's weight measurements.  (*See, e.g.*, AR at 504 (329 pounds), 505
3  (307.5 pounds).)
4      In any event, it is the ALJ, not the Court, that must state, exactly, what is the
5  "conflicting clinical evidence" here.  *Magallanes*, 881 F.2d at 751.  By failing to
6  identify which observations were lacking objective support, the ALJ's reasoning
7  fails to satisfy the specific and legitimate standard.
8      Second, the ALJ discredited Dr. Albert's opinion for being presented on a
9  "pre-drafted form"[2/] with "no explanation" of any "specific limitations."  (AR at 33.)
10 As above, this characterization is not entirely true, as Dr. Albert, on several
11 occassions, substantiated his form-based assessments with written explanations.
12 (*See, e.g.*, AR at 510 (noting "loss of stability when bending/reaching for objects due
13 to loss of sensation in feet"), 512 (prohibiting "low stress" work because Plaintiff
14 "becomes dizzy and fatigued when under stress").)  Dr. Albert's opinions are not
15 without support – at least as described by the ALJ – and thus they cannot be rejected
16 as conclusory.  *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th
17 Cir. 2004) (an ALJ may reject treating opinions that are "conclusory, brief, *and*
18 unsupported" (emphasis added)).  This reason, therefore, fails to pass muster.
19     Accordingly, for the reasons stated above, the Court determines that the ALJ
20 improperly discredited Dr. Albert's treating opinion.  The Court therefore concludes
21 that the ALJ's decision is not supported by substantial evidence.  *Mayes v.*
22 *Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).
23 \ \ \
24     C.     Remand is Warranted

---

[2/]  Curiously, the state agency medical consultant's opinion was given "great weight," even though it, too, was presented on a pre-drafted, check-box form.  (AR at 31; *see* AR at 425-30.)

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See id.* at 594.

Here, in light of the ALJ's error, the credibility of Dr. Albert must be properly assessed. Therefore, on remand, the ALJ shall reevaluate his opinions and either credit them as true, or provide valid reasons for any portion that is rejected.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.[3]

Dated: June 28, 2013

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

---

[3] In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contentions. (*See* Joint Stip. at 5-15, 20-22.)

4